UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 22-8955 PA (MAAx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | PhotoFixitPro, Inc. v. Costco Wholesale Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Attorneys' Fees and Costs filed by respondent Costco Wholesale Corporation ("Costco"). (Docket No. 34.) Petitioner PhotoFixitPro, Inc. ("PFP") filed an Opposition, and Costco filed a Reply. (Docket Nos. 36, 38.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 5, 2023, was vacated, and the matter taken off calendar.

## I.  Background

In December of 2021, PFP commenced an arbitration proceeding against Costco for Costco's alleged violations of the parties' business agreements. (See Docket No. 18-1.) The arbitrator issued an Award, finding, in part, for Costco and, in part, for PFP. (Id.) PFP then filed its Petition to Vacate the Arbitrator's Award, and thereafter the parties filed cross motions to confirm and vacate the arbitration award. (Docket Nos. 1, 17, 23.) On March 16, 2023, the Court issued an Order granting Costco's Motion to Confirm the Arbitration Award and denying PFP's Motion to Vacate the Arbitration Award. (Docket No. 31.) That same day, the Court issued a Minute Order detailing the briefing schedule and required procedures for Costco to file a motion for attorneys' fees and costs ("May 16, 2023, Minute Order"). (Docket No. 32.)

## II.  Analysis

Costco seeks a total award of $88,992.34 ($88,447.34 in attorneys' fees and $545.00 in costs). (Docket No. 34 at p. 2; Docket No. 34-1; Docket No. 34-5.) This amount represents a purported 179.6 hours of work conducted by three attorneys at Perkins Coie, LLP, from December 12, 2022, through the end of this litigation. (Docket No. 34-1; Docket No. 34-5.)

In its Opposition, PFP asserts that it "does not oppose any award of fees and costs to Costco as the prevailing party, nor does it dispute the reasonableness of counsels' rates."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8955 PA (MAAx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | PhotoFixitPro, Inc. v. Costco Wholesale Corporation | | |

(Docket No. 36 at p. 1.) Rather, PFP opposes Costco's Motion on two different grounds, neither of which the Court finds persuasive. First, PFP contends that Costco failed to comply with Local Rule 7-3[1] and this Court's March 16, 2023, Minute Order. However, Costco's counsel communicated with PFP's counsel between March 20 and April 24, 2023, about Costco's Motion, as well as sent PFP the documents required by the March 16, 2023, Minute Order. (Docket Nos. 34-12, 36-1.) Therefore, the Court declines to deny Costco's Motion on these procedural grounds.

Second, PFP contends that it entered into an agreement with Costco where PFP would pay Costco a reduced amount of attorneys' fees and costs, and that Costco reneged on the agreement. On April 6, 2023, Costco's counsel wrote to PFP's counsel and asked if PFP would accept a $5,000.00 reduction in Costco's fee demand in order "[t]o avoid incurring any more fees and costs and bring closure to this matter." (Docket No. 36-1, Ex. 4.) PFP's counsel responded that his client accepted the offer, but added "without, of course, any waiver as to [PFP's] right to appeal from that Judgment and seek reversal of the Judgment and Order, including the award to Costco of any fees and costs in any amount." (Id., Ex. 5.) Costco's counsel then clarified that the phrase "to bring closure to this matter," meant "no further proceedings, including any additional appeals." (Id., Ex. 6.) PFP did not agree to those terms, yet now contends that it accepted Costco's offer and any award of attorneys' fees and costs should be capped at the parties' "agreed upon" amount. PFP provides no caselaw to support this argument. Rather, as Costco points out, there was no "meeting of the minds" between the parties as PFP's purported acceptance of Costco's offer imposed additional terms and was a qualified, rather than valid, acceptance. See, e.g., In re Pago Pago Aircrash of Jan. 30, 1974, 637 F.2d 704, 706 (9th Cir. 1981) ("A qualified acceptance is a new proposal . . . If the acceptance contains conditions not embraced in the offer or adds new terms, there is no meeting of the minds and no acceptance.") (citations omitted). The Court therefore declines to cap Costco's attorneys' fees and costs as requested by PFP.

### A. Basis for Attorneys' Fees and Costs

Under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), a motion for attorneys' fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Ordinarily, "[a] federal court sitting in diversity applies the law of the forum state regarding an

---

[1] "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." L.R. 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8955 PA (MAAx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | PhotoFixitPro, Inc. v. Costco Wholesale Corporation | | |

award of attorneys' fees." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Here, however, the two contracts that were the subject of the parties dispute' – the "Master Services Agreement" and Costco's "Vendor Agreement and Standard Terms" – contain choice-of-law provisions stating that the contracts are to be governed by, and construed under, Washington law. (See Docket Nos. 18-2, 18-3.) Because California law embodies a "strong policy favoring enforcement" of contractual choice-of-law provisions, Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 465, 834 P.2d 1148 (1992), the Court evaluates Costco's Motion under Washington law. See, e.g., Chung v. Vistana Vacation Ownership, Inc., No. 2:17-CV-04803-RGK-JC, 2017 WL 10716888, at *1 (C.D. Cal. Dec. 18, 2017) (applying the state law specified in a contract's choice-of-law provision to decide a motion for attorneys' fees in a diversity action).

Washington law allows the prevailing party in an action to enforce the terms of a contract to recover attorneys' fees and costs if the contract specifically states that such fees and costs are recoverable. See Wash. Rev. Code § 4.84.330.1. Here, both of the parties' contracts allow for an award of attorneys' fees, expenses, and costs to the prevailing party, and PFP initiated arbitration to enforce certain terms of the contracts. (Docket Nos. 18-2, 18-3.) Costco was the prevailing party in this action because the Court granted Costco's Motion to Confirm the Arbitration Award and denied PFP's Motion to Vacate the Arbitration Award. Costco is therefore entitled to reasonable attorneys' fees and costs.

    **B.    Reasonableness of Attorneys' Fees**

To determine the fee award for a prevailing party, the Court begins by calculating a lodestar by multiplying "the number of hours reasonably expended by the reasonable hourly rate." Chuong Van Pham v. City of Seattle, Seattle City Light, 159 Wash. 2d 527, 538, 151 P.3d 976, 981 (2007); see Ewing v. Glogowski, 198 Wash. App. 515, 521, 394 P.3d 418, 422 (2017) (applying lodestar method to determine reasonable attorneys' fees). The party seeking fees bears the burden of proving the reasonableness of the fees. See Johnson v. State, Dep't of Transp., 177 Wash. App. 684, 699, 313 P.3d 1197, 1205 (2013). Once the lodestar is determined, the Court may adjust it upward or downward based on other external factors, including "the contingent nature of success and the quality of work performed." Bowers v. Transamerica Title Ins. Co., 100 Wash.2d 581, 598, 675 P.2d 193 (1983). Adjustments to reflect the quality of work performed are rare, as the quality of work is typically reflected in the initial lodestar calculation. Id. at 599, 675 P.2d 193.

    **1.    Hourly Rate**

In determining the reasonableness of an hourly rate, courts consider the attorney's usual billing rate as well as factors such as the level of skill required by the litigation, the amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8955 PA (MAAx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | PhotoFixitPro, Inc. v. Costco Wholesale Corporation | | |

potential recovery, and the attorney's reputation. Id. at 597, 675 P.2d 193. A reasonable hourly rate should reflect the prevailing market rates of similarly situated attorneys practicing in the community. See Miller v. Kenny, 180 Wash. App. 772, 820–21, 325 P.3d 278, 302 (2014) ("The fee customarily charged in the locality for similar legal services is one of the factors to be used in determining the proper rate."); Schiedler-Brown v. Lehman, 122 Wash. App. 1052, 2004 WL 1732402 at *5 (Wash. Ct. App. Aug. 3, 2004) ("The customary rate for attorney fees is computed using the prevailing market rate."). "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." Bowers, 100 Wash.2d at 597, 675 P.2d 193.

Costco seeks reimbursement for hours worked by two partners, Amanda J. Beane ("Beane") and Cori Gordon Moore ("Moore"), and one associate, Taylor Russell ("Russell"). Both Beane and Moore have been practicing law for over 20 years and bill at $753 and $778 per hour, respectively. Russell has been practicing law for three years and bills at $445 per hour. In support of these rates, Costco submits a declaration from Perkins Coie, LLP's Director of Pricing and Practice Management Economics, who attests that she has reviewed "market survey data" in the practice area of "Business Litigation" and that "the rates charged for this matter are comparable to the rates for comparable firms" in this district. (Docket No. 34-3 at p. 7–8.) PFP does not dispute Beane, Moore, or Russell's rates, and the Court finds that the rates are reasonable. See, e.g., Zeigler v. Cnty. of San Luis Obispo, No. CV179295MWFAFMX, 2023 WL 3432238, at *5 (C.D. Cal. Mar. 1, 2023) ("Given the prevailing rates in the Los Angeles market, and Mr. Lanzone's position as a named equity partner, the Court concludes that the requested rate of $750 is reasonable."); Pasadena Tournament of Roses Ass'n v. City of Pasadena, No. 221CV01051ABJEMX, 2022 WL 2189523, at *6 (C.D. Cal. Mar. 17, 2022) (finding rates up to $795 per hour reasonable in the Los Angeles area); Notorious B.I.G. v. Yes. Snowboards, No. CV 19-1946-JAK (KSX), 2020 WL 6154195, at *4 (C.D. Cal. Sept. 18, 2020) (finding hourly rate of $450 reasonable for a litigation associate in the Los Angeles market).

      **2.**     **Hours Billed**

In deciding the number of hours "reasonably expended," the Court considers whether the time spent was "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The moving party has the burden of demonstrating that the hours worked were reasonable by providing the Court with sufficient documentation of the work performed. See Bowers, 100 Wash.2d at 597, 675 P.2d 193. "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work . . . ." Id.

Costco seeks reimbursement for 179.6 hours of work performed from December 12, 2022, through the end of this litigation. PFP does not oppose the reasonableness of the hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8955 PA (MAAx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | PhotoFixitPro, Inc. v. Costco Wholesale Corporation | | |

Although the Court finds the majority of the hours billed to be reasonable, some of the hours are not. Costco seeks reimbursement of an estimated $11,775.00 for 23 hours of work conducted from April 17, 2023, through May 1, 2023, but only describes the work as "related to this [M]otion." (Docket No. 34-1 ¶ 7.) Costco has failed to satisfy its burden to provide a sufficient description of the actual work performed. See Berschauer v. State Dep't of Gen. Admin., 1 Wash. App. 2d 1044, 2017 WL 6343652 at *9 (Wash. Ct. App. Dec. 12, 2017) ("Given the lack of specificity in Mr. Berschauer's law firm's time entries, we perceive nothing more the trial court could have done by way of lodestar analysis to arrive at that starting point than what it did do . . . It would have been impossible for the trial court to critically review and adjust the too-vague time entries."); Ewing, 198 Wash. App. at 520–21, 394 P.3d 418 (affirming a trial court's attorneys' fees award where the trial court "struck 125 hours of associate attorney billed time for unsuccessful claims or theories, or for entries that were vague or blank"). Because of Costco's failure to describe the actual work performed, the Court cannot determine that the 23 hours expended were reasonable. Therefore, the Court reduces Costco's fee award by $11,775.00. Applying this deduction ($88,992.34 minus $11,775.00), Costco's reasonable attorneys' fees amount to $77,217.34.

### C. Costs

Costco also seeks costs in the amount of $545.00 for the filing of Moore's pro hac vice application and associated fees for Certificates of Good Standing. (See Docket No. 34-6.) PFP does not oppose these costs and the Court finds that the costs were reasonably incurred.

### Conclusion

For the foregoing reasons, the Court grants Costco's Motion for Attorneys' Fees and Costs with the exception of the aforementioned deduction. The Court therefore awards Costco $77,217.34 in reasonable attorneys' fees and $545.00 in costs.

IT IS SO ORDERED.